

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

November 9, 1965

Honorable Charles A. Allen
Criminal District Attorney
Harrison County
P. O. Box 776
Marshall, Texas

Dear Mr. Allen:

Opinion No. C-538

Re: Under the stated facts,
whether the hospital bill
and the doctor bill of
the person charged with
an assault to murder is
the responsibility of
Harrison County.

Your letter requesting the opinion of this department on the above stated question reads in part as follows:

"While investigating a failure to stop and give information after an accident, a deputy sheriff called a highway patrolman and they subsequently located the vehicle believed to be the vehicle involved in the accident. The deputy sheriff and the highway patrolman started to walk to a house where the vehicle was parked and from a concealed place within the house, a man opened fire, shooting the deputy sheriff in the right chest, and while attempting to reload the rifle, one of the officers shot the assailant, seriously injuring him.

"The officer radioed for an ambulance and the assailant and the deputy sheriff were carried to the hospital. The assailant was filed on for Assault with Intent to Murder, and a hold was placed on him at the hospital. He was subsequently indicted for Assault with Intent to Murder by the Grand Jury."

Article 1037, Vernon's Code of Criminal Procedure, provides:

"Each county shall be liable for all expense incurred on account of the safe keeping of prisoners confined in jail or kept under guard, except prisoners brought from another county for safe keeping, or

-2577-

> on habeas corpus or change of venue; in which cases, the county from which the prisoner is brought shall be liable for the expense of his safe keeping."

This office held in Attorney General's Opinion O-4708 (1942) that a county is liable for the necessary and reasonable medical expenses of a prisoner during illness when the prisoner is confined in jail or under guard. The reasonableness, as well as the just and proper amount of the charges for such medical treatment is a matter to be determined by the Commissioners Court.

Since the assailant, while in custody of the sheriff, was in need of medical care, and such care was furnished him, the county became liable for his safe keeping and should pay his necessary medical expenses.

## S U M M A R Y

A County is responsible for the necessary hospital care and treatment by a doctor of a prisoner while in the custody of the sheriff.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By *Howard M. Fender*

Howard M. Fender
Assistant Attorney General

HMF:sss

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Gordon Cass
Robert E. Owen
John Banks

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright